**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4281**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

JESSE NELSON YOHO,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:17-cr-00048-IMK-MJA-1)

Submitted:  January 4, 2019                    Decided:  January 23, 2019

Before AGEE and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie Nelson Yoho pleaded guilty to possession of pseudoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (2012). The district court sentenced Yoho to 33 months of imprisonment and 3 years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. However, counsel questions whether trial counsel rendered ineffective assistance in advising Yoho to plead guilty and whether the Government engaged in prosecutorial misconduct. We affirm the conviction and sentence.

Counsel's prosecutorial misconduct claim asserts that the Government selectively prosecuted Yoho, citing in support the dismissal of all charges against his codefendant, Joseph Spence. Because Yoho failed to raise this issue in the district court, we review for plain error. *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016). Under this standard, we "may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations and internal quotation marks omitted).

"A selective-prosecution claim is . . . an . . . assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "The government ordinarily has wide latitude in deciding whether to prosecute. However, equal protection forbids basing the decision on an unjustifiable standard such as race, religion or other arbitrary classification." *United*

*States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012) (internal quotation marks omitted). To challenge the Government's decision to continue to pursue charges against him, Yoho must "present clear evidence . . . demonstrating that the government was motivated by a discriminatory purpose to adopt a prosecutorial policy with a discriminatory effect." *Id.* (internal quotation marks omitted).

Here, the only evidence of selective prosecution is that all charges against Yoho's codefendant were dropped without a clear explanation for that decision. This evidence is not sufficient to meet the substantial burden placed upon Yoho to show that the Government's decision to charge Yoho was premised on reasons that the Constitution forbids. Therefore, this claim entitles Yoho to no relief.

Counsel also questions whether trial counsel was ineffective in advising Yoho to plead guilty in light of the Government dropping the charges against Spence. As a general rule, ineffective assistance of counsel claims may not be raised on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), to permit sufficient development of the record. *Id.* at 508. The record before us offers no conclusive evidence of ineffective assistance of counsel. Thus, we decline to consider this claim on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Yoho's conviction and sentence. This court requires that counsel inform Yoho, in writing, of the right to petition

3

the Supreme Court of the United States for further review. If Yoho requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Yoho.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*